# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**SHIKHA MOHTA** | Criminal No. 16-428-4 (KM)<br><br>**OPINION and ORDER** |

Before the court are pretrial motions filed by defendant Shikha Mohta. Mohta's interrelated contentions are divided among separately-filed motions filed over several weeks and confusingly numbered. I heard oral argument on February 9, 2018 and March 9, 2018. For the reasons expressed on the record, the motions are decided as follows:

    1. First Motion to Dismiss Indictment (ECF no. 74). DENIED because the Indictment states the elements of the conspiracy, its object offenses, and the substantive offense, describes factually the nature of the scheme, and describes defendant Mohta's role in the scheme. It is not necessary that the overt acts, standing alone, state an offense.

    2. Second Motion to Compel Production of Grand Jury Transcript (ECF no. 75). DENIED because it is based on speculation that the transcripts might contain discoverable material, and for failure to make the threshold showing required by, *e.g.*, *U.S. v. Sells Engineering*, 463 U.S. 418 (1983).

    3. Third Motion to Bifurcate Trial (Severance) (ECF no. 76). DENIED because Mohta is the only remaining defendant.

    4. Sixth Motion for Bill of Particulars (ECF no. 83).

        a) DENIED as to the Indictment, because the Indictment states the charges in sufficient detail to avoid unfair surprise, and to permit the defendant to understand them and plead double jeopardy in connection with any later prosecution.

        b) DENIED as to the arrest and search warrants, which, together with related materials, have been turned over in discovery.

1

c) DENIED as to information about the government witnesses, which will be turned over, to the extent required by Rule 16, *Giglio*, and the Jencks Act seven days before trial.

d) DENIED as to information about uncharged individuals, which is not required by Rule 16, *Brady*, or the Court's rules or standing orders.

5. Fifth Motion to Remove this Matter to "Administrative Branch of the INS" for adjudication (ECF no. 86). DENIED. There is no basis or procedure for transferring a federal criminal case to an administrative agency.

6.     First Omnibus Motion (ECF no. 87)

a. Suppression of evidence.

(i) DENIED as to audio and video recordings because they were obtained pursuant to the consent of one party to the conversations, a cooperating witness. *E.g., U.S. v. Caceres*, 440 U.S. 741, 744 (1979); *United States v. Taketa*, 923 F.2d 665, 669 (9th Cir. 1991);18 U.S.C. § 2511(2)(c). The defendant has not proffered facts sufficient to raise an issue as to the voluntariness of that third party's consent. In an abundance of caution, however, the court will permit a brief examination of the exhibits' sponsor outside the presence of the jury on the issue of consent.

(ii) At oral argument, defense counsel sought to suppress statements taken under a proffer agreement signed by the defendant. That motion is DENIED IN PART, and decision is RESERVED IN PART.

The government has stated that, in accordance with the proffer agreement's terms, it will not use the statements in its case in chief. I agree that such use would likely violate the proffer agreement. The agreement does permit the government to use the statements to impeach inconsistent testimony of the defendant. That will depend of course on whether the defendant elects to testify.

Counsel states that defendant's former attorney did not adequately explain the agreement or the charges before she signed it. She also alleges that a government agent made a threatening statement about what would happen to defendant in jail. An evidentiary hearing would likely require waiver of attorney-client privilege and I will not order it unless requested by the defendant. Should she desire a hearing in advance of trial, she shall request it, in writing, 7 days before trial. Should she make a decision to testify while at trial, the court will hold such a hearing, on request, outside the presence of the jury.

2

b. Summary dismissal under Fed. R. Crim. P. 12(b)(2) & (3). DENIED because Count 1 is not duplicitous; it charges a single conspiracy under 18 U.S.C. § 371 which has two objects: visa fraud and obstruction of justice. To the extent the defendant challenges the truth of the allegations, her denials must await trial.

c. Suppression of mitigation report. DENIED as moot. The report of Lisa Orloff, a "Mitigation Specialist," was submitted to the United States by the defendant's prior counsel. The government states that it does not intend to introduce the report, whether in its case in chief or as impeachment material. Should that intent change, the government will notify the court, which will make factual findings as to such issues as whether the defendant authorized the turnover of the report.

d. Prosecutorial transgressions. The motion to dismiss the indictment based on prosecutorial misconduct is denied. That the defendant was indicted for an additional offense after declining to plead guilty, without more, does not set forth a predicate for such relief. See United States v. Baskerville, 2007 WL 150439 at *2 (D.N.J. 2007) (citing authorities).

7. In a reply brief (ECF no. 109), defendant raised the argument that the government had engaged in spoliation or failed to turn over Brady material. The argument is that, by virtue of executing a search warrant for computer equipment at SCM's Jersey City office, the government could have used passwords to connect to the servers of SCM's headquarters in India or branch offices located elsewhere in the United States. Those servers would allegedly have contained material helpful to the defense. The motion is DENIED for lack of any specific allegation as to the existence of exculpatory material and the lack of any plausible allegation that the government ever possessed the material or destroyed it in bad faith. See, e.g., Arizona v. Youngblood, 488 U.S. 51 (1988). To the extent it implicates concerns of selective prosecution, the motion is DENIED for failure to allege that defendant was charged on any improper or discriminatory basis, but simply repeats that she was a mere employee of others who were more culpable.

8. The motion for an extension of time to file motions (ECF no. 81) is GRANTED.

9. The cross-motion of the government for reciprocal discovery is GRANTED. In particular, the defendant shall produce a revised expert report within one week. Fed. R. Civ. P. 16(b)(1)(C).

10. The parties shall confer regarding a stipulation concerning the turnover of draft transcripts of recordings.

11. Defendant's proposed jury charges are due 7 days before trial.

Dated: March 9, 2018

KEVIN MCNULTY
United States District Judge